UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CONNIE RAY ISRAEL,

                Petitioner,

v.                                Case No. 3:16-cv-56-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                Respondents.

_____

### ORDER

Petitioner Connie Ray Israel, an inmate of the Florida penal system under a sentence of death, initiated this action on January 20, 2016, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. Israel challenges a 1999 state court (Putnam County, Florida) judgment of conviction for burglary of a dwelling with a battery, kidnaping, sexual battery with great force, and first degree murder of Ester Hagans. This Court takes judicial notice of Israel's previous filing in this Court, in which he challenged the same judgment of conviction he attacks herein: Case No. 3:09-cv-58-J-25JRK.[1] Before a second or successive habeas corpus application may be filed in this Court, Petitioner is required to obtain an order from the United States Court of Appeals for the Eleventh Circuit, authorizing the district

_____

[1] The district court denied Israel's § 2254 habeas petition, and the United States Court of Appeals for the Eleventh Circuit affirmed the district court's denial. See Israel v. Sec'y, Fla. Dep't of Corr., 517 F. App'x 694, 698 (11th Cir. 2013) (per curiam).

court to consider his application. <u>See</u> 28 U.S.C. § 2244(b)(3)(A). For this reason, this case will be dismissed without prejudice to give Petitioner the opportunity to seek the requisite authorization from the Eleventh Circuit.[2]

Therefore, it is now

**ORDERED AND ADJUDGED**:

1.    This case is **DISMISSED without prejudice**.

2.    The Clerk shall enter judgment dismissing the case without prejudice, terminating all pending motions, and closing the case.

3.    If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability.[3]  Because this Court

---

[2] Connie Ray Israel previously filed an application seeking an order authorizing the district court to consider a second or successive petition for a writ of habeas corpus. On January 21, 2015, the United States Court of Appeals for the Eleventh Circuit found that Israel did not raise any claims that met "the statutory criteria" under 28 U.S.C. § 2244(b), and therefore, the Court denied his application for leave to file a second or successive petition. <u>See</u> <u>In Re: Connie Ray Israel</u>, No. 15-10002-P (11th Cir. Jan. 21, 2015).

[3] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 84 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, if Petitioner seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted.

2

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.    The Clerk shall send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner in State Custody" form.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of February, 2015.

MARCIA MORALES HOWARD
United States District Judge

sc 2/10
c:
Connie Ray Israel, FDOC #065135

3